FILED

17 JAN 11 PM 1: 13

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:    MXN         DEPUTY

Juan R. and Juana Durruthy, Plaintiffs *in Propria Persona*
339 Crestview Drive
Chula Vista, California 91902

## UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA

JUAN R. AND JUANA DURRUTHY

    PLAINTIFFS

v.                                                     CASE NO. '17 CV 0055 AJB BGS

ADRIENNE WEIL AND MTC FINANCIAL, INC.
DBA TRUSTEE CORPS
AND CAPITAL ONE, N.A.

    DEFENDANTS

_____/

## COUNT I – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Juan R. and Juana Durruthy and sue the defendant ADRIENNE WEIL for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiff has resided in San Diego County, California at the address known as 339 Crestview Drive, Chula Vista, California, for all times material to this complaint.

The defendant is an individual doing business under the name "MTC FINANCIAL, INC. DBA TRUSTEE CORPS" in the State of California with its principle place of business at the address of 17100 Gillette Ave, Irvine, CA 92614, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

This is a complaint for unfair and deceptive collection practices involving

collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in San Diego County, California, a true and correct copy of which is attached.

## PLAIN STATEMENT

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 15th 2004, in San Diego County, California, in the amount of $595,000. The deed secured the payment of a promissory note made payable to GREENPOINT MORTGAGE FUNDING, INC., the lender stated on the trust deed. The trustee's name in this instrument is MARIN CONVETANCING CORP.

There were no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

No transfer was ever undertaken and these names are being used to launder money and obfuscate the real parties in interest, just like anyone laundering cash would need to do to conceal his actions.

## ALLEGATIONS

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing

parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions. No response was given.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

Individuals who appear to be employed by the defendant have been identified as Miguel Ochoa, whose title was identified as "Authorized Signator for MTC Financial Inc. dba Trutee Corps as Duly Appointed Successor Trustee" and Amy Lemus, whose title is also identified as "Authorized Signator for MTC Financial Inc. dba Trutee Corps as Duly Appointed Successor Trustee", true and correct copies of these documents are attached with Exhibit A.

The defendant has undertaken actions against the plaintiff that are not normally

necessary in the collection of a consumer debt, such as preparing false records and acquiring the plaintiff's banking and credit information without permission, and as further explained herein.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant is utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, source, and destination of illicitly-obtained money, specifically the plaintiff's promissory note.

First, the defendant acquired a copy, forged or counterfeit version of the plaintiff's promissory note. The actual steps taken are unclear at this time but there was no valuable consideration given in the process and the original lender or originator either no longer exists or has no records of this instrument.

Second, the defendant is and has been employing a complex scheme, including what has become known recently as "securitization", and then assignments, trusteeships and other counter parties or affiliates such as "serving agents" to obscure who initially received the money.

Finally, the parties involved have been compensated in a list of different ways from this scheme, such as removing the liability from accounting records and obtaining tax benefits from the United States, sustaining the illusion of solvency for pension funds of those government officers who participate in the scheme, including judges and attorneys and clerks of the court. And all of these steps have been undertaken in a very complex, obscure and indirect way so as to conceal who did what and when.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as

a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property. Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction.

The defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a

false impression of the document's source, authorization, or approval.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases for value.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendants have undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A);

    B.  An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

    C.  An award of actual damages;

    D.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT II – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Juan R. Juana Durruthy and sue the defendant CAPITAL ONE, N.A. for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiff has resided in San Diego County, California at the address known as 339 Crestview Drive, Chula Vista, California, for all times material to this complaint.

The defendant is a national association doing business in the State of California with its principle place of business at the address of 1680 Capital One Drive, McLean, VA 22102-3491, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff.  The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a

trust deed recorded in San Diego County, California, a true and correct copy of which is attached.

The plaintiff further alleges all of the statements included with Exhibit D "Audit" and incorporates each and everyone herein.

## PLAIN STATEMENT

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 15th 2004, in San Diego County, California, in the amount of $595,000. The deed secured the payment of a promissory note made payable to GREENPOINT MORTGAGE FUNDING, INC., the lender stated on the trust deed. The trustee's name in this instrument is MARIN CONVETANCING CORP.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for its own personal gain and benefit without any permissible purpose.

No transfer was ever undertaken and these names are being used to launder money and obfuscate the real parties in interest, just like anyone laundering cash would need to do to conceal his actions.

## ALLEGATIONS

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

The defendant has been named by the other defendant in written correspondences as being the lender or beneficiary of a trust deed recorded against the plaintiff's property.  True and correct copies of these correspondences are attached with Exhibit A.

It is also possible that the other defendant (MTC) and its agents or employees may simply be using this defendant's name without its knowledge.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions.  No response was given.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant has undertaken actions against the plaintiff that are not normally necessary in the collection of a consumer debt, such as preparing false records and acquiring the plaintiff's banking and credit information without permission, and as further explained herein.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

Individuals who appear to be employed by the defendant have been identified as Veronica Cavazos, whose title was identified as "Agent or Employee", true and correct copies of these documents are attached with Exhibit A.

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant is utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, source, and destination of illicitly-obtained money, specifically the plaintiff's promissory note.

First, the defendant acquired a copy, forged or counterfeit version of the plaintiff's promissory note. The actual steps taken are unclear at this time but there was no valuable consideration given in the process and the original lender or originator either no longer exists or has no records of this instrument.

Second, the defendant is and has been employing a complex scheme, including what has become known recently as "securitization", and then assignments, trusteeships and other counter parties or affiliates such as "serving agents" to obscure who initially received the money.

Finally, the parties involved have been compensated in a list of different ways from this scheme, such as removing the liability from accounting records and obtaining tax benefits from the United States, sustaining the illusion of solvency for pension funds of those government officers who participate in the scheme, including judges and attorneys and clerks of the court. And all of these steps have been undertaken in a very complex, obscure and indirect way so as to conceal who did what and when.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as

a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property. Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction.

The defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a

false impression of the document's source, authorization, or approval.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases for value.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendants have undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.    An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A);

    B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

    C. An award of actual damages;

    D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

### COUNT III – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Juan R. and Juana Durruthy and sue the defendant MTC FINANCIAL, INC. DBA TRUSTEE CORPS for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiff has resided in San Diego County, California at the address known as 339 Crestview Drive, Chula Vista, California, for all times material to this complaint.

The defendant is a corporation doing business in the State of California with its principle place of business at the address of 17100 Gillette Ave, Irvine, CA 92614, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in San Diego County, California, a true and correct copy of which is

attached.

## PLAIN STATEMENT

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 15th 2004, in San Diego County, California, in the amount of $595,000. The deed secured the payment of a promissory note made payable to GREENPOINT MORTGAGE FUNDING, INC., the lender stated on the trust deed. The trustee's name in this instrument is MARIN CONVETANCING CORP.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

No transfer was ever undertaken and these names are being used to launder money and obfuscate the real parties in interest, just like anyone laundering cash would need to do to conceal his actions.

## ALLEGATIONS

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions.  No response was given.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

Individuals who appear to be employed by the defendant have been identified as Miguel Ochoa, whose title was identified as "Authorized Signator for MTC Financial Inc. dba Trutee Corps as Duly Appointed Successor Trustee" and Amy Lemus, whose title is also identified as "Authorized Signator for MTC Financial Inc. dba Trutee Corps as Duly Appointed Successor Trustee", true and correct copies of these documents are attached with Exhibit A.

The defendant has undertaken actions against the plaintiff that are not normally necessary in the collection of a consumer debt, such as preparing false records and acquiring the plaintiff's banking and credit information without permission, and as further explained herein.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property.  Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction.

The defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a false impression of the document's source, authorization, or approval.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases for value.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendants have undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

### COMPLAINT FOR DAMAGES – 15 U.S.C. §1635

Come now the plaintiffs Juan R. and Juana Durruthy and sue the defendant CAPITAL ONE, N.A. in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from violations of Title 15 U.S.C. §§1635 and 1640, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331 and 15 U.S.C. §§1635 and 1640.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiff has resided in San Diego County, California at the address known as 339 Crestview Drive, Chula Vista, California, for all times material to this complaint.

The defendant is a national association doing business in the State of California with its principle place of business at the address of 1680 Capital One Drive, McLean, VA 22102-3491, for all times material to this complaint.

### PLAIN STATEMENT

The plaintiff is the mortgagor in a trust deed that was recorded on the date of June 15th 2004, in San Diego County, California, in the amount of $595,000. The deed secured the payment of a promissory note made payable to GREENPOINT MORTGAGE FUNDING, INC., the lender stated on the trust deed. The trustee's name in this instrument is MARIN CONVETANCING CORP.

The defendant sent written communications to the plaintiff stating that it had rights under a trust deed recorded against the plaintiff's property. The plaintiff served the defendant with a notice to rescind and the defendant failed to sue and re-establish

the debt.

The defendant subsequently ignored the notice and continued in its efforts to foreclose.

The plaintiff is now suing for damages resulting therefrom.

### COUNT V – COMPLAINT FOR DAMAGES – 15 U.S.C. §1635

Come now the plaintiffs Juan R. and Juana Durruthy and sue the defendant CAPITAL ONE, N.A. in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from violations of Title 15 U.S.C. §§1635 and 1640, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

The plaintiff and defendant were parties to a consumer credit transaction that existed or was consummated on or after September 30, 1995.

The defendant is a creditor within the meaning of 15 U.S.C. §§1601 and 1635 et seq.

The defendant recently began attempting to foreclose as if it had rights under this trust deed agreement.  The plaintiff responded accordingly, as if the defendant had such rights, and also, as if the defendant had the same liabilities as set forth under the Truth and Lending Act, Title 15 U.S.C. §§1635 and 1640.

The creditor failed to provide the plaintiff with the appropriate form of written notice published and adopted under the provisions of the Truth in Lending Act.

The creditor failed to provide the plaintiff with a comparable written notice of the rights of the plaintiff, that was properly completed by the creditor, and otherwise complied with all statutory requirements regarding the notice.

The plaintiff notified the defendant of his right to rescind.

The plaintiff served a notice to rescind upon the defendant on the date of July 29th 2015, a true and correct copy of this notice is attached as Exhibit C.

The defendant ignored the plaintiff and failed to respond to the notice to rescind by failing to sue the plaintiff and re-establish what it claimed to be the debt under the trust deed and promissory note.

As of the date of August 20th 2015, which is or exceeds twenty days following the notice to rescind, the trust deed and note were void and did not exist; however, the defendant continued to act as if the note and trust deed were enforceable and subsequently foreclosed upon the plaintiff's property.

The defendant had a duty to either sue the plaintiff to re-establish what it claimed to be the debt or return the plaintiff's money or property within twenty days of receiving the notice to rescind.

The defendant failed to return the note, money or property paid.

The plaintiff served the defendant with a notice of default and intent to sue for its failure to properly respond to the notice to rescind, a true and correct copy is attached as Exhibit C.

The plaintiff was unable to tender the property or money received because of the defendant's failure to comply and no measures to protect or guarantee that such tender of property would cause the defendant to comply with its obligations.

The plaintiff has given timely notice to the defendant within applicable statute of limitations of the Truth in Lending Act in filing this claim

The defendant will not suffer prejudice because of this complaint.

The plaintiff has acted reasonably and in good faith regarding the events leading up to the commencement of this action.

The plaintiff was actively misled by the defendant about the cause of action or was extraordinarily prevented from asserting his rights.

Plaintiff demands a jury trial.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act. Non-compliance is a violation of the Truth in Lending Act which gives rise to a claim for actual and statutory damages under 15

U.S.C. §1640.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has failed or refused to sue the plaintiff and reestablish the purported debt that was rescinded by the plaintiff prior to the commencement of this complaint.

The actual damages are: 1.  The fair market value of plaintiff's property in the amount of $480,000.  2.  The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $595,000.  3.  Costs and attorney fees associated with this action and defending against the foreclosure process in the amount of $3,200.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $1,078,200, together with other relief this court deems appropriate.

DATED this  10  day of January, 2017.

Juan R. Durruthy, Plaintiff

Juana Durruthy, Plaintiff